### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATRICK D. DORMAN,<br><br>               Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner, Social Security<br>Administration,<br><br>               Defendant. | Case No. 07-CV-673-FHM |

### OPINION AND ORDER

Plaintiff, Patrick D. Dorman, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1] Plaintiff's November 29, 2004, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held November 2, 2006. By decision dated December 14, 2006, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on October 1, 2007. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was 63 years old at the alleged date of onset, December 30, 2003.  Plaintiff's insured status expired on March 31, 2006.  Plaintiff completed two years of graduate school.  He formerly worked as building maintenance supervisor and as a construction supervisor.  He claims to have been unable to work since December 30, 2003, as a result of Chronic Obstructive Pulmonary Disease (COPD), depression, and obsessive-compulsive disorder (OCD).

The ALJ determined that Plaintiff's testimony did not indicate that he was ever completely disabled for 12 consecutive months. [R. 20].  The ALJ found that through the date last insured, Plaintiff had the residual functional capacity (RFC) to:

> lift/carry 50 pounds occasionally or lift/carry 25 pounds frequently.  He can stand/walk or sit for 6 hours of an 8-hour workday (with normal breaks).  The claimant appears in good health for his age and does suffer from some COPD.  By not requiring him to do heavy work, his limitations should be accommodated.

[R. 19].  The ALJ found that Plaintiff's past relevant work as a building maintenance supervisor and as a construction supervisor did not require performance of work-related activities precluded by the RFC and therefore Plaintiff was capable of performing his past relevant work.  The case was thus decided at step four of the five-step evaluative sequence

for determining whether Plaintiff is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence.  Specifically, Plaintiff argues that the ALJ: did not consider the effects of Plaintiff's mental impairments on his ability to work; failed to establish that Plaintiff was able to perform the requirements of medium work; did not perform a proper evaluation of the treating physician with respect to the severity of Plaintiff's mental limitations; and failed to perform a proper credibility determination.  The Court concludes that the record contains substantial evidence supporting the ALJ's denial of benefits in this case, and that the ALJ applied the correct standards in evaluating the evidence.  Therefore the Commissioner's denial of benefits is AFFIRMED.

On November 24, 2003, Dr. Stephanie Forbes, D.O., a physician with Laureate Psychiatric Clinic noted that Plaintiff presented with a life-long history of depression and a six year history of treatment with Prozac.  She found that Plaintiff's mood was 6-8 on a scale of 10, and that Plaintiff engaged in obsessive worry. [R. 192-3].  On March 4, 2004, Dr. Forbes noted that Plaintiff was recovering from pneumonia, sleeping well (10 hours), his mood was an 8 on a ten-point scale, and he had low energy, possibly from the pneumonia. [R. 190].  On April 15, 2004, Dr. Forbes recorded that Plaintiff was sleeping well, had low energy, mood was a 10, had good concentration, and no obsessing. [R. 189].  The next record, dated October 13, 2004, reflects Plaintiff was "doing great," "energy is very good," and no obsessing. [R. 188].  On February 3, 2005, Dr. Forbes noted Plaintiff's energy was low, he was sleeping well, moody, concentration good, mood depressed, but

improving. Dr. Forbes indicated that Plaintiff's condition thus described was minimally worse. [R. 183]. On April 25, 2005, Plaintiff had an increase in depression which he attributed to a change from Nexium to Prilosec medication, and he was sleeping well. Dr. Forbes' note reflects her finding that Plaintiff's condition was more than minimally worse, but not much worse. [R. 180]. On May 25, 2005, Dr. Forbes noted that Plaintiff's condition was much improved. His mood was better since stopping Prilosec, his mood was 7-8 on a ten-point scale, he had decreased motivation, increased anhedonia, and there was no anxiety. [R. 179]. On July 6, 2005, Plaintiff was very much improved, there was no anhedonia, his mood scale was 8, motivation was still low, but there was no anxiety. [R. 178]. On August 11, 2005, Plaintiff was very much improved again. Dr. Forbes recorded that Plaintiff said he is feeling very good, his mood scale was 9, there was concern about the high dose of medication and plans were made to reduce the amount prescribed. [R. 177]. There are no more mental health treatment notes.

Dr. Forbes submitted a Mental Health Status Form dated September 6, 2006, where she described Plaintiff as being anxious, having low energy and being irritable. [R. 224]. She stated Plaintiff is easily distracted, unable to complete tasks, had trouble with work pressures and relationships with fellow workers, and was positive for obsessive worry. [R. 224-25]. Dr. Forbes also completed a Mental Residual Functional Capacity Assessment where she found Plaintiff had severe limitations in his ability to carry out simple and detailed instructions, maintain concentration, perform activities within a schedule and be punctual. [R. 222]. She also found he had severe limitation in the ability to complete a normal work day and week without interruptions from psychologically based symptoms. *Id.* In addition, Dr. Forbes found Plaintiff has a marked limitation in the ability to respond appropriately to

4

changes in the work setting and the ability to be aware of normal hazards and take appropriate precautions. [R. 223].

The ALJ found that Plaintiff's mental impairments did not affect his ability to do work. He accurately noted that the medical records reflected that Plaintiff's depression and OCD had improved with treatment and that recent treatment notes indicated Plaintiff had good concentration, was sleeping well, had no anxiety, and his mood was improving. [R. 17]. The Court finds no error in the ALJ's decision to reject Dr. Forbes findings on the Mental Health Status Form and the Mental Residual Functional Capacity Assessment. An ALJ is required to give controlling weight to a treating physician's opinion if the opinion is both: (1) well supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) consistent with other substantial evidence in the record. *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004). If the ALJ rejects the opinion completely, he must give specific legitimate reasons for doing so. *Miller v. Chater*, 99 F.3d 972, 976 (10th Cir. 1996), *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987).

The record supports the ALJ's rejection of Dr. Forbes' opinions as inconsistent with her records and inconsistent with the Plaintiff's testimony. [R. 18]. On a Function Report Plaintiff completed February 3, 2005, Plaintiff described himself as handling stress and changes in routine "very well." [R. 68]. On a similar report dated November 5, 2005, Plaintiff reported no problems with concentration as far as listening to books on tape and watching television. [R. 88].

The ALJ relied on the conclusions expressed on the Psychiatric Review Technique Form completed on February 28, 2005 by Agency reviewer, Janice Smith, PhD. Dr. Smith found that Plaintiff's depression and OCD had improved with treatment. [R. 196, 197].

Based on her review of the medical record, Dr. Smith found that Plaintiff had only mild functional limitations as a result of his depression and OCD.  Specifically, she found that Plaintiff had: mild restrictions of daily living; mild difficulties in maintaining social functioning; mild difficulties in maintaining concentration, persistence and pace; and no episodes of decompensation of an extended duration. [R. 198].  Pursuant to the relevant regulations, 20 C.F.R. § 404.1520a(d)(1), such ratings generally result in a conclusion that the mental impairments are not severe, unless the evidence otherwise indicates there is more than a minimal limitation in the ability to do basic work activities.  The evidence in the record is not contrary to these findings.  The ALJ's conclusion that Plaintiff's mental impairments were not severe is thus supported by substantial evidence.

Concerning Plaintiff's ability to perform the lifting, sitting, standing or walking requirements of medium work, the ALJ stated:

> Neither the claimant's testimony nor the medical record indicates the claimant having difficulty with lifting/carrying, standing or sitting.  His testimony of being able to walk just one-half block has no support from the medical record.

[R. 20].  To the extent that Plaintiff argues that the ALJ had the burden to provide evidence of Plaintiff's functional limitations, the Tenth Circuit has rejected that argument.  The Tenth Circuit stated it "disagree[d] with claimant's implicit argument that the agency, not the claimant, has the burden to provide evidence of claimant's functional limitations." *Howard v. Barnhart*, 379 F.3d 945, 948 (10th Cir. 2004).  The Court observed that a recent Social Security final rule made clear that the agency's burden at step five does not include the burden to provide medical evidence in support of an RFC assessment, unless the ALJ's duty to further develop the record is triggered. *Id.*  The Court also rejected the argument

that there must be specific, affirmative medical evidence in the record as to each requirement of an exertional work level before an ALJ can determine RFC within that category. *Id.* at 949.

Plaintiff also argues that the ALJ's credibility determination is faulty because it is inconsistent. Plaintiff asserts that the ALJ's statement that Plaintiff "appeared to be fair, open and truthful in his testimony," [R. 20], is inconsistent with his finding that Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms are not entirely credible. The Court finds that those statements are not inconsistent. Plaintiff took the ALJ's statement that Plaintiff's testimony appeared to be truthful out of context, the ALJ stated:

> "Mr. Dorman appeared to be fair, open, and truthful in this testimony. However, that testimony did not indicate that he was ever completely disabled for 12 consecutive months. He also stated at the hearing that his pneumonia and anemia have been successfully treated. Generally speaking, Mr. Dorman appeared to be healthy.

[R. 20].

The Court rejections Plaintiff asserts that the ALJ's statement that Plaintiff appeared to be healthy constitutes a rejection of Plaintiff's claims of mental impairments on the basis of his demeanor, which is prohibited by *Teter v. Heckler*, 775 F.2d 1104, 1106 (10th Cir. 1985). In *Teter*, the Court stated that where the uncontroverted evidence of record corroborated the claimant's pain as genuine, the ALJ could not reject the assertions on the basis of demeanor alone. As previously discussed, the ALJ gave numerous reasons for

his rejection of Plaintiff's claims of disabling mental impairments which are supported in the record.[2]

The ALJ listed the reasons for discounting Plaintiff's claims of debilitating depression and COPD, as follows:

> Mr. Dorman has listed no respiratory medications in his list of medications (Exhibit 8E).  His testimony centered on his depression, but he has had no mental health counseling and psychiatric hospitalization.  He wrote in a report form that his depression medication reduced his depression. (Exhibit 5E, p. 1).  He wrote in a disability report that he was unable to [do] much physical activity.  (Exhibit 7E, p. 1).  However in a function report, he wrote that he did housework several hours each day (Exhibit 6F, p. 1).  He has had anemia but his testimony indicated that his iron level is up with supplements.

[R. 20].  The Court finds that the ALJ recited what specific evidence he relied on in making his credibility determination and that the credibility determination has substantial support in the record.  Because the Court concludes that the ALJ properly linked his credibility finding to the record, the Court finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determinations.  See *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995)(factors to be considered by ALJ in assessing credibility to include extensiveness of attempts, medical or nonmedical to obtain relief and frequency of medical contacts); *James v. Chater,* 96 F.3d 1341, 1342 (10th Cir. 1996) (witness credibility is province of Commissioner whose judgment is entitled to considerable deference).

---

[2] One statement within the credibility analysis is not accurate.  The ALJ stated that Plaintiff "has had no mental health counseling." [R. 20].  Although there are not extensive counseling records, it appears that counseling was a component of Plaintiff's treatment by Dr. Forbes.  In view of the remainder of the ALJ's credibility analysis and his discussion of the evidence, the inaccuracy of that single statement does not require remand.

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The Court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

SO ORDERED this 20th day of February, 2009.

*Frank H. McCarthy*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE