### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

PATRICK D. DORMAN,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

    Defendant.

Case No. 07-CV-673-FHM

### OPINION AND ORDER

Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, [Dkt. 32] has been fully briefed and is ripe for decision. Based on the following analysis, the motion is DENIED.

The Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, requires the United States to pay attorney fees and expenses to a "prevailing party" unless the Court finds the position of the United States was substantially justified, or special circumstances make an award unjust. 28 U.S.C. § 2412(d). In *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), the Supreme Court defined "substantially justified" as "justified in substance or in the main--that is, justified to a degree that could satisfy a reasonable person." "Substantially justified" is more than "merely undeserving of sanctions for frivolousness." *Id.*

The Tenth Circuit has held that EAJA fees are not automatically awarded in all Social Security cases where the government was unsuccessful on the merits. *Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988). To determine whether a position is substantially justified, the court is guided by the language in *Pierce v. Underwood*, that "a

position can be justified even though it is not correct . . . and can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." 108 S.Ct. at 2550, n.2.  The United States bears the burden of proving that its position was substantially justified.  *Kemp v. Bowen*, 822 F.2d 966, 967 (10th Cir. 1987).

In evaluating whether the government's position was substantially justified, the focus is on the issue that led to remand, rather than the ultimate issue of disability.  *Flores v. Shalala*, 49 F.3d 562, 566 (9th Cir. 1995).  Therefore, the government must justify both its position in the underlying administrative proceedings and its position in any subsequent court litigation.  *Hackett v. Barnhart,* 475 F.3d 1166, 1170 (10th Cir. 2007).  Consequently, fees should generally be awarded where the agency's underlying action was unreasonable even if the government advanced a reasonable litigation position.  *Id*. at 1174, quoting *United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002).  Applying the foregoing to the instant case, the undersigned finds that the Commissioner has established that his position was substantially justified in both the underlying proceedings and in the subsequent court litigation.

The Tenth Circuit remanded this case for the ALJ to assess the mental demands of Plaintiff's past relevant work and his capacity to fulfil those demands.  The Tenth Circuit concluded that the language in the ALJ's decision that Plaintiff had a "mild restriction in activities of daily living . . , mild difficulties in maintaining social functioning . . . , [and] mild deficiencies of concentration, persistence, and pace[,]" were limitations on Plaintiff's ability to do basic work related activities. [Dkt. 28, p. 3] (quoting the ALJ opinion at p. 4).  The Tenth Circuit reasoned that since Plaintiff had these work related limitations that the ALJ

was required to assess the demands of Plaintiff's past relevant work to determine if Plaintiff could meet those demands. The undersigned finds that the Tenth Circuit's conclusion that the ALJ's findings that Plaintiff had "mild restriction in activities of daily living . . . , mild difficulties in maintaining social functioning . . . , [and] mild deficiencies of concentration, persistence, and pace" were limitations on Plaintiff's ability to do basic work related activities is an unexpected application of the regulations which makes the ALJ's failure to assess the mental demands of Plaintiff's past relevant work substantially justified.

The regulations require the ALJ to assess the medical record and make findings as to the degree of functional limitation in the broad functional areas of: "Activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." 20 C.F.R. § 404.1520a(c)(3). The regulations also state that when the degree of limitation is mild or none in those areas, "we will generally conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in [the] ability to do basic work activities." 20 CFR §404.1520a(d)(1). The regulations thus recognize that mild limitations may exist in these functional areas without having an impact on the ability to do basic work activities. However, when the record supports mental functional limitations in work-related activities, those limitations are included in the RFC and are expressed in terms of the ability to do work-related activities, such as those suggested in 20 C.F.R. § 404.1521(b): understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervisors, co-workers, and work situations; and dealing with changes in routine.

3

Where, as here, the ALJ is "persuaded that the claimant's depression and obsessive-compulsive disorder would not significantly affect his ability to engage in work related activities," [Dkt. 12, p. 20], mental limitations are appropriately omitted from the RFC.  In other words, under the regulations where the ALJ finds that mental limitations have no impact on the ability to work, the ALJ has no obligation to inquire about the mental demands of past work.  Since the ALJ could not have anticipated what appears to be a new interpretation of the regulations by the Tenth Circuit in this case, the ALJ was substantially justified in failing to inquire about the mental demands of Plaintiff's past work.   The instant case is unlike the cases cited in the Tenth Circuit Order.  In *Frantz v. Astrue*, 509 F.3d 1299, 1304 (10th Cir. 2007), the case was remanded because, even though the ALJ found Plaintiff's bipolar disorder was a severe impairment, there was no development of the mental demands of her past relevant work.  By contrast, in this case the ALJ found that Plaintiff's mental impairments were not severe.  In *Bridgeman v. Chater*, 1997 WL 174113 (10th Cir.), the RFC included the restriction that Plaintiff could perform work "not requiring the toleration of high stress."  *Id.* at * 1.  The Court reversed that case because the record contained no evidence about the stress level of Plaintiff's former work.  *Id.* at *3.  Here, the RFC did not include any mental restrictions.  In *Frederick v. U.S. Dept. of Health & Human Servs.*, 1995 WL 243437, *1 (10th Cir.), the decision was reversed where the ALJ found that Plaintiff suffered from slight depression but did not determine whether Plaintiff could return to his former work despite that impairment.  In the instant case the ALJ determined that "the claimant's depression and obsessive-compulsive disorder would not significantly affect his ability to engage in work related activities." [Dkt. 12, p. 20].

4

The Court also finds that the Commissioner's litigation posture was substantially justified.  Although Plaintiff's opening brief made reference to the necessity of inquiring about the mental demands of past relevant work, Plaintiff's brief did not develop that issue or attempt to relate it to the specific facts of this case. [Dkt. 18, p. 3].  The main thrust of Plaintiff's argument before this Court was that mental limitations were established by the medical records and that the ALJ erred by failing to include mental limitations in the RFC and in the hypothetical questioning of the vocational expert. [Dkt. 18, pp. 2-8].  As a consequence, the Commissioner's brief was directed at defending the ALJ's RFC determination and related hypothetical questioning of the vocational expert. [Dkt. 19, pp. 3-6].  Neither the ALJ's RFC finding or the hypothetical questioning were disturbed by the Tenth Circuit's decision.

## **Conclusion**

Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, [Dkt. 32] is DENIED.  This decision renders MOOT Plaintiff's Supplemental Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, [Dkt. 35], and Second Supplemental Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, [Dkt. 38].

SO ORDERED this 19th day of October, 2010.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE